UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
OASIS INTERNATIONAL GROUP, LTD.;
OASIS MANAGEMENT, LLC; AND
SATELLITE HOLDINGS COMPANY,

    Plaintiff,

v.                                                    Case No: 8:20-cv-00862-VMC-TGW

CHRIS AND SHELLEY ARDUINI, et al.,

    Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff's Second Omnibus Motion for Default Judgment Against Defaulted Defendants, filed November 4, 2020 (the "***Motion***") (Doc. 632). In the Motion, Plaintiff seeks the entry of default judgment against Defendants, Kayla Crowley (***"Crowley"***), Divergent Investments, LLC (***"Divergent"***), Alan Johnston (***"Johnston"***), Kevin Kerrigan (***"Kerrigan"***), David Lipinczyk (***"Lipinczyk"***), Frank Nagel (***"Nagel"***), and Vince Petralis (***"Petralis"***) (collectively ***"Defaulted Defendants"***), for claims under Florida's Uniform Fraudulent Transfer Act (***"FUFTA"***), Fla. Stat. § 726.101 *et seq.* or in the alternative, unjust enrichment. (Doc. 1). After reviewing the Complaint, the Motion and its declaration and exhibits, and conducting a hearing on November 19, 2020 at 9:00 am, the Court concludes that for the reasons that follow, the Court grants the Motion as to Count I with respect the Crowley, Divergent, Johnston, Kerrigan, Lipinczyk, Nagel, and Petralis. Because Count II was pleaded in the alternative to Count I and the Court grants the Motion with respect to Count I, the Court determines Count II is moot for purposes of this Order.

1

I. **Procedural and Factual Background**

Plaintiff filed his Complaint on April 14, 2020. (Doc. 1). Following commencement of this case, a copy of the Complaint and the Summons were served on the following Defaulted Defendants or certain Defaulted Defendants waived service of process. These Defaulted Defendants failed to respond or otherwise defend against the Complaint:

a. Crowley was personally served with process on September 12, 2020. (Doc. 421). Crowley filed a Motion to Dismiss (Doc. 495), which was denied by the Amended Order Denying Motion to Dismiss and directed Crowley to file an answer to the Complaint by October 19, 2020 (Doc. 503). Crowley failed to answer the Complaint as directed, therefore, on October 20, 2020, Plaintiff moved for entry of a clerk's default (Doc. 530) and the Clerk entered a default against her on October 21, 2020 (Doc. 536);

b. After four (4) attempts to serve its registered agent, Divergent was substitute served through the Maryland State Department of Assessments and Taxation on September 24, 2020. (Doc. 478, 657-1). Divergent failed to answer the Complaint within twenty-one (21) days of service; therefore on October 16, 2020, Plaintiff moved for entry of a clerk's default (Doc. 527). The Clerk entered a default against Divergent on October 19, 2020 (Doc. 528).

c. Johnston was personally served with process on June 27, 2020. (Doc. 174). Johnston filed a Motion to Quash Summons and Object to Jurisdiction (Doc. 241) which was denied by Oral Order on August 17, 2020 that directed him to file an answer by September 16, 2020 (Doc. 344). On September 14, 2020, Johnston filed a Motion to Dismiss (Doc. 416), which the Court denied on October 3, 2020 (Doc. 502). In the Court's Order Denying Johnston's Motion to Dismiss, Johnston was directed to file an answer by October 19, 2020, which he failed to do. Accordingly, on October 20, 2020, Plaintiff moved for entry of a clerk's default (Doc. 531) and

on October 21, 2020, the Clerk entered a default against Johnston (Doc. 537).

  d. Kerrigan was personally served with process on July 18, 2020. (Doc. 250). Kerrigan filed a Motion to Quash Summons and Object to Jurisdiction (Doc. 258), which was denied by Oral Order on August 17, 2020 that directed him to file an answer to the Complaint by September 16, 2020 or be subject to entry of default (Doc. 344). Kerrigan failed to answer the Complaint as directed; therefore, Plaintiff moved for entry of a clerk's default and the Clerk entered a default against him on September 24, 2020 (Doc. 471). However, the Court later set aside the default and allowed Kerrigan to file an answer on or before October 18, 2020 (Doc. 504). Kerrigan again failed to answer the Complaint as directed; therefore, on October 20, 2020, Plaintiff again moved for entry of a clerk's default and the Clerk entered a default against him on October 21, 2020 (Doc. 538);

  e. Lipinczyk was personally served with process on July 2, 2020. (Doc. 257). Lipinczyk filed a Motion to Quash Summons and Object to Jurisdiction (Doc. 239), which was denied by Oral Order on August 17, 2020 that directed him to file an answer to the Complaint by September 16, 2020 or be subject to entry of default (Doc. 344). Lipinczyk failed to answer the Complaint as directed; therefore, Plaintff moved for entry of a clerk's default and the Clerk entered a default against him on September 24, 2020 (Doc. 472). However, the Court later set aside the default and allowed Lipinczyk to file an answer on or before October 18, 2020 (Doc. 504). Lipinczyk again failed to answer the Complaint as directed; therefore, on October 20, 2020, Plaintiff again moved for entry of a clerk's default and the Clerk entered a default against him on October 21, 2020 (Doc. 539);

  f. Nagel was substitute served by serving his wife, Karen Nagel, with process at his usual place of abode on July 1, 2020. (Doc. 206). Nagel filed a Motion to Quash Summons and

3

Object to Jurisdiction (Doc. 238), which was denied by Oral Order on August 17, 2020 that directed him to file an answer to the Complaint by September 16, 2020 or be subject to entry of default (Doc. 344). Nagel failed to answer the Complaint as directed; therefore, Plaintiff moved for entry of a clerk's default and the Clerk entered a default against him on September 24, 2020 (Doc. 473). However, the Court later set aside the default and allowed Nagel to file an answer on or before October 18, 2020 (Doc. 504). Nagel again failed to answer the Complaint as directed; therefore, on October 20, 2020, Plaintiff again moved for entry of a clerk's default and the Clerk entered a default against him on October 21, 2020 (Doc. 540); and

    g.    Petralis was substitute served by serving his wife, Sharon Petralis, with process at his usual place of abode on July 1, 2020. (Doc. 255). Petralis filed a Motion for Joinder to David Lipinczyk's Motion to Quash and Object to Jurisdiction on July 23, 2020 (Doc. 261), which was denied by Oral Order on August 17, 2020 that directed him to file an answer to the Complaint by September 16, 2020 or be subject to entry of default (Doc. 344).  Petralis failed to answer the Complaint as directed; therefore, on September 23, 2020, Plaintiff moved for entry of a clerk's default (Doc. 457) and the Clerk entered default against him on September 24, 2020 (Doc. 474). However, the Court later set aside the default and allowed Petralis to file an answer on or before October 18, 2020 (Doc. 504). Petralis again failed to answer the Complaint as directed; therefore, on October 20, 2020, Plaintiff again moved for entry of a clerk's default (Doc. 535) and the Clerk entered a default against him on October 21, 2020 (Doc. 541).

In the Complaint, Plaintiff asserted claims for damages to recover money transferred to each Defaulted Defendant which exceeds the amount invested by Defaulted Defendants in one or more of the Plaintiff's receivership entities involved in a Ponzi scheme. The Complaint alleges that Defaulted Defendants participated in this activity by receiving thousands of dollars in

fraudulent transfers from the scheme in the form of false profits. In Count I of the Complaint, Plaintiff asserts claims against Defaulted Defendants under three provisions of FUFTA, Fla. Stat. § 726.101 *et seq.*: Florida Statutes Section 726.105(1)(a), which codifies claims under a theory of "actual fraud," and Florida Statutes Sections 726.105(1)(b) and 726.106(1), which codify claims under a theory of "constructive fraud." Count I is based on the payments made to Defaulted Defendants by or on behalf of the receivership entities as set forth in the Complaint.

II. **Default Judgment**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirectTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863(11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206(5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id*. A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact and bars the defendant from contesting those facts on appeal. *Id*. Based upon the Clerk's defaults and the well-pleaded factual allegations contained in the Complaint, it has been established that Plaintiff is entitled to the relief sought against Crowley, Divergent, Johnston, Kerrigan, Lipinczyk, Nagel, and Petralis.

Accordingly, it is

**ORDERED** and **ADJUDGED**:

1. Plaintiff's Second Omnibus Motion for Default Judgment Against Defaulted Defendants (Doc. 632) is **GRANTED** as to Crowley, Divergent, Johnston, Kerrigan, Lipinczyk, Nagel, and Petralis.

2. The Clerk shall enter judgments for the damages plus prejudgment interest against the Defaulted Defendants as set forth below.

| No. | Defaulted Defendant | False Profits Paid | 1st False Profit Distribution | Last False Profit Distribution | Prejudgment Int. through 11/30/20 |
|---|---|---|---|---|---|
| 1. | Crowley | $9,545.61 | 9/04/18 | 3/07/19 | $1,235.16 |
| 2. | Divergent | $23,239.51 | 10/02/18 | 10/02/18 | $3,232.69 |
| 3. | Johnston | $22,348.82 | 9/28/12 | 7/27/18 | $6,391.74 |
| 4. | Kerrigan | $58,441.90 | 1/7/19 | 4/5/19 | $6,615.67 |
| 5. | Lipinczyk | $186,519.14 | 6/14/17 | 4/5/19 | $29,134.01 |
| 6. | Nagel | $65,345.21 | 10/9/12 | 4/5/19 | $13,047.47 |
| 7. | Petralis, Sr. | $26,486.51 | 7/3/12 | 9/19/18 | $7,345.36 |

DONE and ORDERED in Chambers in Tampa, Florida, this <u>30th</u> day of November 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All parties and counsel of record.